IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
DEC 1 5 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| DR. RICHARD TAMFU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | CIVIL ACTION NO. SA-11-CA-758-FB |
| ) | |
| DR. MOHAN NATARAJAN, ) | |
| DR. BARBARA CHRISTY, and THE ) | |
| UNIVERSITY OF TEXAS HEALTH ) | |
| SCIENCE CENTER AT SAN ANTONIO, ) | |
| ) | |
| Defendants. ) | |

**ORDER REGARDING DEFENDANTS' MOTION TO DISMISS**

Before the Court are Defendants' Motion to Dismiss (docket no. 2), plaintiff's response (docket no. 4) and defendants' reply (docket no. 5). After careful consideration, the Court is of the opinion the motion should be granted.

BACKGROUND

Plaintiff, Dr. Richard Tamfu, was a graduate student at The University of Texas Health Science Center at San Antonio. After he successfully obtained a Ph.D. in philosophy, he brought suit against the university and two professors, Dr. Mohan Natarajan and Dr. Barbara Christy (collectively UTHSC).

In his live petition, plaintiff alleges that Doctors Natarajan and Christy attempted to prevent him from completing his Doctor of Philosophy degree by manipulating his grades, violated his right to privacy by disseminating adverse information, and slandered plaintiff by misrepresenting his actions concerning various academic projects. He also states that Dr. Natarajan referred to him as a "Black Street Dog" on numerous occasions. Plaintiff further alleges that UTHSC ignored his complaints of discrimination; expelled him in May of 2010, and later placed him on administrative leave, only to

register him for one credit hour during the fall of 2010 without his knowledge or permission; in an attempt to discredit him and prevent him from obtaining his Ph.D in philosophy. Finally, plaintiff alleges that the failure of UTHSC current and former professors to provide him with recommendation letters has prevented him from obtaining employment in his field of choice. Plaintiff states that "the above referenced [acts] constitute a conspiracy in order to deprive him of due process."

Plaintiff brought suit against defendants in state court alleging a "claim of discrimination under Title 7 of the United States Code and 42 United States Code 1983." The petition states that plaintiff "hereby claims all rights and privileges granted to him by the United States Constitution; the Constitution of the State of Texas and United States Code 42 USC 1983" and asserts that he has been denied due process and discriminated against due to his race and country of origin. Plaintiff does not identify his race or country of origin.

Defendants removed the case to federal court and filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Plaintiff filed a response, to which defendants filed a discretionary reply.

## STANDARD PURSUANT TO FED. R. CIV. P. 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." In re Great Lakes Dredge & Dock Co., 624 F.3d 201, 210 (5th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)) (internal quotation marks omitted). To meet this threshold of facial plausibility, "the complaint's factual allegations must be enough to raise a right to relief above the speculative level." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). In examining the pleadings, the Court construes them "in the light most favorable to the plaintiff[s]." Id.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must state a claim upon which relief can be granted or the complaint may be dismissed with prejudice as a matter of law. When considering a motion to dismiss for failure to state a claim, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" Id. (quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir.2004) and Jones v. Greninger, 188 F.3d 322, 324 (5th Cir.1999)), cert denied sub nom Xavier Univ. of La. v. Travelers Cas. Prop. Co. of Am., 182 S. Ct. 1230, and Chehardy v. Allstate Indem. Co., 128 S. Ct. 1231 (2008)). In In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 n.10 (5th Cir. 2007), the United States Court of Appeals for the Fifth Circuit noted:

> We have often stated that a claim should not be dismissed under Rule 12(b)(6) unless the plaintiff would not be entitled to relief under any set of facts or any possible theory he may prove consistent with the allegations in the complaint. See, e.g., Martin K. Eby Constr., 369 F.3d at 467 (quoting Jones, 188 F.3d at 324). This standard derived from Conley v. Gibson, which stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957). But recently in Bell Atlantic, the Supreme Court made clear that the Conley rule is not "the minimum standard of adequate pleading to govern a complaint's survival." 127 S. Ct. at 1968-69. To withstand a Rule 12(b)(6) motion, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"

Id. at 205 (quoting Twombly, 550 U.S. at 555).

Rule 8(a) of the Federal Rules of Civil Procedure requires only "a short plain statement of the claim" showing the pleader is entitled to relief. Although "heightened fact pleading of specifics," Twombly, 550 U.S. at 556, may not be adopted when not authorized by the Federal Rules of Civil Procedure, Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 515 (2002), a complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory," Twombly, 555 U.S. at 554 (quoting Car Carriers, Inc. v. Ford Motor Co., 745

F.2d 1101, 1106 (7th Cir. 1984) (internal quotation marks omitted; emphasis and omission in original)), and a plaintiff's pleading obligation includes the twin requirements of fact-based pleading and plausibility. More specifically, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 557 (citing Papasan v. Allain, 478 U.S. 265, 286 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (as quoted in Katrina Canal Breaches, 495 F.3d at 205). The mere possibility of relief does not satisfy the threshold requirement of Rule 8(a)(2) that the "plain statement" of a claim include factual "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. Id. at 1966.

As noted, when ruling on a motion to dismiss under Rule 12(b)(6), a court must accept as true all of the factual allegations contained in the complaint. Twombly, 455 U.S. at 555 (citing Swierkiewicz, 534 U.S. at 508 n.1, 122 S. Ct. at 996 n. 1; Neitzke v. Williams, 490 U.S. 319, 326-37, 109 S. Ct. 1827, 1832 (1989); Schemer v. Rhodes, 416 U.S. 232, 236 (1974)). However, a court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions," which will not defeat a Rule 12(b)(6) motion to dismiss. Plotkin v. IP Axess, Inc., 407 F.3d 690, 696(5th Cir. 2005) (citing Southland Sec. Corp. v. INSpire Ins. Solutions, Inc., 365 F.3d 353, 361 (5th Cir. 2004)).

## DISCUSSION

Plaintiff, Dr. Richard Tamfu, was a candidate for a doctor of philosophy degree from the University of Texas Health Science Center ("UTHSC"), Graduate School of Bio Medical Sciences, at San Antonio. He alleges Dr. Mohan Natarajan and Dr. Barbara Christy, two employees of the university, attempted to prevent him from completing his doctor of philosophy degree.

According to plaintiff, their actions included:

* Manipulation of his grades by specifically downgrading the grades he received in various courses;

* Violation of his right to privacy by disseminating information which was adverse to plaintiff;

* Slandering the actions of plaintiff in misrepresenting his actions concerning various academic projects; and

* Dr. Natarajan referred to plaintiff as a "Black Street dog" on numerous occasions.

No reason is given for why these professors would take this action, but the next paragraph indicates he is asserting that he was discriminated against.

Plaintiff maintains that he "attempted to address the issue of discrimination to the dean's office but his complaints were ignored." He contends, "rather than address his claims of discrimination, the dean's office expelled him in May of 2010, and later placed him on administrative leave." Plaintiff further alleges that he "was registered by university officials for one credit hour during the fall of 2010, without his knowledge and permission." He asserts "this action was used as an attempt to discredit plaintiff and prevent him from completing his goal of obtaining a doctorate of philosophy degree from the University of Texas Health Science Center at San Antonio."

Plaintiff also alleges "the policies and procedures utilized by the university contributed to the discrimination against him." He states that he "filed a grievance complaining of the discriminatory treatment he was receiving, and that recommendations to correct the problem were made by the head of the grievance committee, Dr. Betty Sue Masters."

Plaintiff next alleges that "as a result of the conflict" between plaintiff and Dr. Natarajan, Dr. Natarajan "resigned from his position as the supervising member of the committee which was

supervising plaintiff Tamfu." According to plaintiff, "as a result of the resignation of Dr. Natarajan, there was not a supervising member available to approve and recommend plaintiff for future employment." Plaintiff states that, "[r]ather than appoint a successor supervisor, the post was left vacant thus depriving plaintiff of the recommendation which is required in order to obtain employment in his chosen field."

Plaintiff also contends that when he attempted to discuss the approval of his dissertation with committee members, the members "were advised not to speak to plaintiff about the proceedings." As a result, plaintiff asserts, he was unable to obtain any recommendation letters. He states that, "due to the fact that his dissertation is not duly signed by his professors on the dissertation committee and in the absence of recommendation letters, he has been unable to obtain employment in his chosen field." Plaintiff states that he is seeking relief under Title 7 and Title 42 U.S.C. § 1983.

After removing the case to federal court, defendants filed a dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants allege plaintiff's petition contains no viable or discernable claim against any defendant under the statutes identified or the applicable pleading standard. Rather, defendants submit, miscellaneous civil rights violations purportedly brought under Title VII, Section 1983, and slander are not actionable against them and are not adequately pleaded. Defendants therefore contend this lawsuit, which plaintiff alleges stems from his former relationship to the university and the individual defendants as a Ph.D candidate at the institution, should be dismissed.

Plaintiff states that he shows "the following grounds in response to defendants' motion to dismiss:

> A. Plaintiff contends that the due process guarantees of the 5th Amendment apply to actions taken by the University of Texas faculty;
>
> B. Plaintiff has plead facts that if proven would establish the liability of the defendants under Title VII of the U.S. Code and 42 U.S.C. 1983;
>
> C. Plaintiff has in fact set forth sufficient facts to establish a violation of his Constitutional Rights by the defendants;
>
> D. Plaintiff has plead sufficient facts to meet the pleading standard concerning a claim of civil conspiracy;
>
> E. Plaintiff would show that while the Federal courts give deference to universities and academic disputes the Federal Courts will not permit discrimination based upon an individual's race and country of origin;
>
> F. Plaintiff has alleged that claim of slander against Dr. Mohan Natarajan."

Plaintiff then repeats the factual background set forth in his state court petition and provides the standard of review which governs Rule 12(b)(6) motions.

Defendants filed a discretionary reply. Defendants contend that, "[r]ather than directly engage defendants argument that plaintiff's petition is deficient in relation to the facts alleged, plaintiff instead repeats much of that *Petition* while failing to offer any legal argument for preserving his employment or other claims against them." (emphasis in original). After further discussion, defendants reurge their argument that plaintiff's original petition should be dismissed for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## DISCUSSION

Construing plaintiff's petition liberally,[1] he asserts he has alleged claims for violations of Title VII, 42 U.S.C. § 2000(e), *et seq.*, violation of his privacy rights, violation of his equal protection rights,

---

[1] Although plaintiff's petition refers to "Title 7," which is the Agriculture Code, plaintiff's response to defendants' motion to dismiss makes it clear he intended to bring a claim under Title VII, 42 U.S.C. § 2000(e) *et seq.*

violation of his due process rights, and conspiracy to violate his equal protection and due process rights, pursuant to 42 U.S.C. § 1983. Plaintiff also asserts that he has alleged a defamation cause of action under state law against Dr. Natarajan. The allegations as they relate to each claim are discussed below.

Plaintiff has not Identified an Employment Relationship Under Title VII.

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, national origin, . . . ." 42 U.S.C. § 2000e-2(a)(1). Plaintiff alleges defendants violated Title VII when they discriminated against him because of his race and national origin. Because plaintiff has not identified any employment relationship which would entitle him to relief under 42 U.S.C. § 2000(e), his Title VII claim must be dismissed. Additionally, the individual defendants, Dr. Natarajan and Dr. Christy, are not proper defendants under the statute. "While Title VII defines the term employer to include 'any agent' of any employer, [42 U.S.C.] § 2000e(b), this Circuit does not interpret the statute as imposing individual liability for such a claim." Indest v. Freeman Decorating Inc., 164 F.3d 258, 262 (5th Cir. 1999) (citing Pfau v. Reed, 125 F.3d 927, 935-36 (5th Cir. 1997)). Accordingly, plaintiff has failed to sufficiently state a cause of action under Title VII and his claim must be dismissed.

Plaintiff has not Sufficiently Alleged a Slander Cause of Action.

For a slander claim to be actionable under Texas law,[2] the plaintiff must allege the defendant: (1) orally communicated or published to a third person; (2) a statement which was defamatory

---

[2]Although plaintiff does not state that he is bring this claim under state law, defamation (slander) claims are not actionable under 42 U.S.C. § 1983. Geter v. Fontenberry, 849 F.2d 1550, 1556 (5th Cir. 1986) (citations omitted).

8

concerning the plaintiff; (3) while acting with negligence regarding the truth of the statement.[3] WFAA-TV, Inc. v. McLemore, 978 S.W.2d 568, 571 (Tex. 1998) (citing New York Times Co. v. Sullivan, 376 U.S. 254, 279-80 (1964)). In support of his defamation cause of action, plaintiff alleges only that defendants "misrepresent[ed] his actions concerning various academic projects" and defendant Natarajan "referred to him as a 'Black Street dog' on numerous occasions." Even under the most liberal reading, plaintiff's petition does not plead sufficient facts to support all elements of a slander theory of recovery. Plaintiff does not identify a slanderous statement which defendants allegedly made when misrepresenting his various academic projects, he does not allege that defendants published or communicated any slanderous statement to a third person, and does not allege that defendants made any slanderous statement with negligence. Plaintiff has thus failed to state a claim and defendants' Rule 12(b)(6) motion must be granted as to plaintiff's defamation cause of action.

42 U.S.C. § 1983 Generally.

A plaintiff can state a prima facie case under 42 U.S.C. § 1983 by alleging: (1) a violation of a federal constitutional or statutory right; and (2) that the violation was committed by a "person" acting under the color of state law. Doe v. Rains County Indep. Sch. Dist., 66 F.3d 1402, 1406 (5th Cir. 1995). With regard to this second element, the UTHSC is not subject to suit under § 1983 because it is not a "person" under the statute. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Although Dr. Natarajan and Dr. Christy are literally persons, a suit against a state official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office. Brandon v. Holt, 469 U.S. 464, 471 (1985). Because neither the university nor Dr. Natarajan and Dr. Christy are

---

[3]This is the standard which applies to private citizens. If plaintiff were a public figure, he would have to allege defendants acted with malice in reckless disregard for the truth. Id.

acting in their official capacities are "persons" under 42 U.S.C. § 1983, the Court considers whether plaintiff's petition states a constitutional violation against these named defendants, or other unidentified school officials,[4] in their individual capacities.

Additionally, "a claim under 42 U.S.C. § 1983 is not a cause of action in itself–instead it is merely a remedy for some other constitutional or statutory violation." Subbiah v. Kiel, Civil Action No. 3:10-CV-1131-B, 2011 WL 1792848, at *5 (N.D. Tex. May 10, 2011). "Section 1983 . . . does not in itself provide a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere." Segura v. Texas Dep't of Human Servs., Civil Action No. SA-00-CA-229-OG, 2001 WL 681748, at *6 n.56 (W.D. Tex. Feb. 14, 2001). Because plaintiff does not explicitly state that his discrimination claim is brought solely under Title VII, the Court will consider whether plaintiff has stated a valid discrimination claim in violation of the Equal Protection Clause of the Fourteenth Amendment or in violation of the Sixth Amendment, see 42 U.S.C. § 2000d (prohibiting intentional discrimination by an institution which receives federal financial assistance,[5] such that redress under 42 U.S.C. § 1983 is available. With respect to any alleged due process violations, plaintiff clarifies in his response to defendants' motion to dismiss that he is seeking relief under the Fifth Amendment to the United States Constitution for purposes of his § 1983 claim. The Court will therefore also consider whether the Fifth Amendment is applicable to state actors. Out of an abundance of caution, the Court will further address whether plaintiff has stated a claim for either procedural or substantive due process violations under the Fourteenth Amendment. Finally, although plaintiff does not refer to the First

---

[4] Many of plaintiff's allegations are made against unidentified faculty members and admissions personnel. Out of an abundance of caution, the Court considers whether plaintiff has nonetheless stated a cause of action against these school officials in their individual capacities.

[5] UTHSC presumably receives federal funding.

Amendment, he states in his petition that his privacy rights were violated. The Court will therefore review whether plaintiff has alleged a constitutional violation of the First Amendment for purposes of 42 U.S.C. § 1983.

A. Plaintiff has not Sufficiently Alleged that his Fourteenth or Sixth Amendment Anti-Discrimination Rights were Violated.

In order to state a claim of discrimination under the Fourteenth or Sixth Amendments in the academic setting, a plaintiff must allege he: (1) is a member of a protected class; (2) met the university's legitimate expectations; (3) suffered an adverse action; and (4) was expelled because of the protected characteristic or was treated less favorably than nearly identical similarly situated individuals who were not members of the protected class. Bisong v. University of Houston, 493 F. Supp.2d 896, 906 (S.D. Tex. 2007); see also Rachid v. Jack in the Box, Inc., 376 F.3d 305, 312 (5th Cir. 2004) (discussing proof necessary to show discrimination in academic setting).

1. Alleged Post-Degree Discrimination: The Failure to Issue Recommendation Letters.

Although plaintiff did not identify his race or national origin, it appears undisputed he is a member of a protected class. It also appears undisputed, because plaintiff was awarded his doctoral degree, that he ultimately met defendants' academic expectations. It further appears undisputed that plaintiff suffered an adverse action when his professors refused to issue the recommendation letters he alleges he needs to obtain employment in his chosen field. Plaintiff thus meets the first, second, and third elements of alleging discrimination claims. However, plaintiff's petition is not sufficient becuse he does not allege that defendant treated him less favorably than nearly identical, similarly situated students who were not members of his protected class. Moreover, plaintiff has not made any allegations which indicate that race or national origin played a role in the decision not to issue recommendation

letters. Accordingly, plaintiff has failed to allege with specificity the elements of a post-degree discrimination claim relating to the defendants' failure to issue recommendation letters.

### 2. Alleged Pre-Degree Discrimination: Grades, Dismissal, Grievances.

To the extent plaintiff alleges he was subject to adverse action prior to the time he was awarded his doctoral degree, he has not met the third element of stating a case of discrimination. Plaintiff's petition states that "the dean's office expelled him in May of 2010, and later placed him on administrative leave." Presuming plaintiff's temporary dismissal is an adverse action, it is not clear from these bare allegations that plaintiff was expelled and placed on administrative leave despite the fact that he had met defendant's academic expectations.

Plaintiff further alleges that he was "registered by university officials for one credit hour during the fall of 2010, without his knowledge and permission." He asserts this action was "used as an attempt to discredit plaintiff and prevent him from completing his goal of obtaining a doctorate of philosophy degree from the University of Texas Health Science Center at San Antonio." Assuming, without deciding, that registering a student for credit without his knowledge and permission can be considered an adverse action for purposes of this discrimination analysis, plaintiff has failed to sufficiently state that defendants attempted to discredit him because of his race or national origin, or treated him less favorably than nearly identical, similarly situated students.

Finally, plaintiff implies that Dr. Natarajan and Dr. Christy discriminated against him because of his race and national origin by "manipulating his grades by specifically downgrading the grades he received in various courses." Without further factual support, this allegation is conclusory and does not satisfy the pleading requirements set forth above. Accordingly, plaintiff has not stated a constitutional violation under the Fourteenth Amendment or the Sixth Amendment. He has therefore not sufficiently

stated a cause of action for race and national origin discrimination. Plaintiff's claim under 42 U.S.C. § 1983 must therefore be dismissed.

B. The Due Process Guarantees of the Fifth Amendment are not Applicable to State Actors.

Plaintiff states in his response to defendants' motion to dismiss that the Fifth Amendment is applicable to UTHSC faculty members. From this, the Court infers that plaintiff brings his due process claim under the Fifth Amendment to the United States Constitution. The Fifth Amendment, however, applies only to due process violations by a federal actor. Dunsenbery v. United States, 534 U.S. 161, 167 (2002) ("The Fourteenth Amendment's Due Process Clause and Fifth Amendment's Due Process Clause prohibit the same activity, with the Fifth simply applying to federal officials, rather than state."). This conclusion remains the same even if the defendant university receives funding from the federal government. See Becker v. Gallauder Univ., 66 F. Supp.2d 16, 22 (D.D.C. 1999) (dismissing case reasoning that university's actions did not constitute action of federal government subject to Fifth Amendment Due Process Clause even though university was congressionally created institution which relied on federal funding). Moreover, plaintiff does not allege any facts supporting the conclusion that UTHSC faculty members are federal actors. This failure is sufficient grounds to dismiss plaintiff's 42 U.S.C. § 1983 claim. See Stafford v. Conoco, Inc., No. 6:08cv124, 2009 WL 2382036, at *3 (E.D. Tex. July 30, 2010) (dismissing case because "the Fifth Amendment Due Process Clause prohibits federal action [and] plaintiff has failed to allege any facts supporting a conclusion that either defendant is a federal actor."); Nicolette v. Caruso, 315 F. Supp. 2d 710, 718 (W.D. Pa. 2003) ("Because plaintiff alleges violations of his substantive and procedural due process by state officials, not federal officials, plaintiff's claim founded on the Fifth Amendment to the United States Constitution must be dismissed). Accordingly, plaintiff's reliance on the Fifth Amendment to defeat defendants' motion is without merit.

C. Plaintiff has not Sufficiently Alleged his Fourteenth Amendment Due Process Rights Were Violated.

With respect to any alleged procedural due process violations under the Fourteenth Amendment[6] prior to the time plaintiff was awarded his doctorate degree, his claim must be dismissed because he "failed to allege with particularity what processes he was due . . . from the University that he did not receive." Brown v. Texas A&M Univ., 804 F.2d 327, 334 (5th Cir. 1986) (finding that allegations of former university employee regarding his separation from university were insufficient to present claim for violation of procedural due process where he failed to allege with particularity what process he was due upon his separation which he did not receive). At the very minimum, plaintiff had notice and an opportunity to be heard. He states that he filed a grievance complaining of the discriminatory treatment he was receiving, and that recommendations to correct the problem were made by the head of the grievance committee. Plaintiff does not allege that the problems went uncorrected or that the Due Process Clause requires more in this situation.

With regard to post-degree activity, construing the petition liberally, plaintiff seemingly implies that his substantive due process rights were violated because he has been unable to obtain recommendation letters from past and current professors. It can also be concluded he is alleging that this resulted in a deprivation of a liberty interest–pursuing his chosen course of employment–without due process of law. As an initial matter, plaintiff has not alleged that he has a constitutional right to recommendation letters, or that a policy exists that the letters routinely issue, or even that he was denied the letters because of his race or national origin.

---

[6] Plaintiff brings his claims under the Texas and federal constitutions. However, because "Texas courts [in cases involving academic decisions] interpreting the Due Course Clause of the Texas Constitution have looked to federal case law interpreting federal due process rights." Wheeler v. Miller, 168 F.3d 241, 247 (5th Cir. 1999) (internal citations omitted), the Court need not analyze his claims under both state and federal case law.

In any event, presuming plaintiff is entitled to due process rights in letters of recommendation, federal courts are not:

> suited to evaluate the substance of the multitude of academic decisions that are made daily by faculty members of public educational institutions–decisions that require an expert evaluation of cumulative information and [are] not readily adapted to the procedural tools of judicial or administrative decision-making.

Regents of Univ. of Mich. v. Ewing, 474 U.S. 214, 226 (1985) (internal quotation omitted). "Courts must accept as consistent with due process, an academic decision that is not beyond the pale of reasoned academic decision-making when viewed against the backdrop of [the student's] entire career at the University." Wheeler, 168 F.3d at 250 (internal quotation omitted).

Under this standard, plaintiff has failed to allege the professors did not exercise professional judgment with regard to any recommendation letters. Specifically, on this record, plaintiff has not sufficiently stated that the professors' treatment of plaintiff regarding the recommendation letters was beyond the pale of reasoned academic decision-making in light of plaintiff's entire academic career. To the extent plaintiff implies that his reputation was damaged by the University's actions, case law has established that there is "no support for the proposition that reputation alone, apart from some more tangible interests . . . is either 'liberty' or 'property' by itself sufficient to invoke the procedural protection of the Due Process Clause." Wheeler v. Miller, 168 F.3d 241, 249 (5th Cir. 1999). Accordingly, plaintiff has not stated a claim for a due process violation.

### D. Plaintiff has not Identified a Privacy Violation for Purposes of the First Amendment.

"One who invades the right of privacy of another is subject to liability for the resulting harm to the interests of the other." Moore v. Big Picture Co., 828 F.2d 270, 272 (5th Cir. 1987); Billings v. Atkinson, 489 S.W.2d 858, 859 (Tex. 1973); see also U.S. Const. amen. I. Plaintiff petition states only

that there was a "[v]iolation of his right to privacy by disseminating information which was adverse to plaintiff." Because plaintiff has failed to identify any protected right of privacy in the unspecified information which was allegedly disseminated, his right to privacy claim must be dismissed. Meadows v. Lake Travis Indep. School Dist., 397 Fed. Appx. I, 2010 WL 3516622, at *2 (5th Cir. Sept. 8, 2010).

### E. Plaintiff has not Sufficiently Alleged a Civil Conspiracy Cause of Action.

"Although section 1983 plaintiffs may assert conspiracy claims, a conspiracy by itself is not actionable under section 1983." Pfannstiel v. City of Marion, 918 F.2d 1178, 1187 (5th Cir. 1990), abrogated on other grounds by Martin v. Thomas, 973 F.2d 499 (5th Cir. 1992). Plaintiff alleges defendants conspired against him "in order to deprive him of due process and to discriminate against him due to his race and country of origin." The elements of "civil conspiracy are (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by the defendants with the specific intent to violate the aforementioned right." Kerr v. Lyford, 171 F.3d 330, 340 (5th Cir. 1999) (citing Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994)). Mere conclusory allegations of conspiracy, absent reference to material facts, cannot constitute grounds for 42 U.S.C. § 1983 relief. Rodriguez v. Neeley, 169 F.3d 220, 222 (5th Cir. 1999); Dayse v. Schuldt, 894 F.2d 170, 173 (5th Cir. 1990). Importantly, if there has been no underlying violation of § 1983, there can be no actionable conspiracy claim. Kerr, 171 F.3d at 341-42; Hale v. Townley, 43 F.3d 914, 920 (5th Cir. 1995).

As discussed above, plaintiff's allegations do not sufficiently state constitutional claims for discrimination based on race and national origin. Nor do plaintiff's allegations sufficiently state constitutional claims based on a denial of substantive or procedural due process. Nor does plaintiff sufficiently state a constitutional claim for breach of his right to privacy. Plaintiff therefore cannot recover for an alleged conspiracy to commit these violations pursuant to 42 U.S.C. § 1983.

SUMMARY

To survive defendants' Rule 12(b)(6) motion to dismiss, plaintiff's petition "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." In re Great Lakes Dredge & Dock Co., 624 F.3d at 210. Plaintiff's petition must therefore "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In this case, it appears plaintiff is attempting to allege race and national origin discrimination under Title VII, constitutional discrimination, due process, and privacy violation claims under Title 42 U.S.C. § 1983, and a slander cause of action under state law against Dr. Natarajan. Plaintiff has failed to state a claim under Title VII because he has not alleged the requisite employment relationship as required by the statute. With regard to his § 1983 claims, plaintiff has failed to sufficiently state a claim of constitutional discrimination because he has not set forth factual allegations to support a discrimination claim and has not alleged he was treated differently than similarly situated individuals based on his race and national origin. Plaintiff has failed to sufficiently state a claim of constitutional due process violations under the Fifth Amendment because this amendment is applicable only to federal actors. Although the Fourteenth Amendment is applicable to state actors, plaintiff has failed to sufficiently state a claim for a substantive or procedural due process violation. Specifically, plaintiff has failed to sufficiently allege that he was entitled to the due process he seeks and, if so, that he was entitled to any more due process than he has already received. Finally, plaintiff has not sufficiently stated a claim for conspiracy because he has not alleged an underlying constitutional violation. Accordingly, plaintiff's petition does not contain sufficient allegations to state a claim which is plausible on its face such that it survives defendants' motion Fed. R. Civ. P. 12(b)(6) motion to dismiss.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (docket no. 2) is GRANTED and the above-styled and numbered cause is DISMISSED With Prejudice.[7] Motions pending with the Court, if any, are Dismissed as Moot.

It is so ORDERED.

SIGNED this 15th day of December, 2011.

FRED BIERY
CHIEF UNITED STATES DISTRICT JUDGE

---

[7] Plaintiff's petition is dismissed with prejudice because he had an opportunity to amend in this case after it was removed to federal court and in response to defendants' motion to dismiss. Schroeder v. Wildenthal, Civil Action No. 3:11-DV-525-B, 2011 WL 6029727, at *7 (N.D. Tex. Nov. 30, 2011); Moini v. University of Tex., Civil Action No. A-10-CA-180-SS, 2011 WL 90472, at *13 (W.D. Tex. Jan. 10, 2011).